UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-04-43-B-W-2 |
| | ) | |
| KELVIN DELOATCH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This Court concludes that under the First Circuit case of *United States v. Cortes-Claudio,* 312 F.3d 17 (1st Cir. 2002), the Defendant is subject to a period of supervised release of at least 4 years to life, following any term of imprisonment for violation of 21 U.S.C. § 841(b)(1)(B).

## I. STATEMENT OF FACTS

On May 25, 2005, Defendant Kelvin DeLoatch appeared before this Court to enter a plea of guilty under Fed. R. Crim. P. 11 to charges set forth in the Second Superseding Indictment pending before the Court. The charges were under Count I, an alleged violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to possess with the intent to distribute cocaine base and cocaine, and under Count II, an alleged violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute cocaine. Count I alleged the penalty provisions of 21 U.S.C. § 841(b)(1)(B) apply; Count II alleged the penalty provisions of 21 U.S.C. § 841(b)(1)(C) apply.

During the Court's colloquy with the Defendant, the Court began to describe, in accordance with Fed. R. Crim. P. 11(b)(1)(H), the maximum penalties he faced by pleading guilty to Count I. The Court informed the Defendant, inter alia, that he was subject to a period of supervised release following any term of imprisonment of at least 4 years up to the rest of his life.

The Defendant objected on the ground that the Court had incorrectly stated the potential term of supervised release following incarceration. Pointing to the language in 21 U.S.C. § 841(b)(1)(B), "Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall…include a term of supervised release of at least 4 years, in addition to any term of imprisonment…", and the language in 21 U.S.C. § 3583(b), "the authorized terms of supervised release are—(1) for a Class A or Class B felony, not more than five years . . .", he argued the maximum was 5 years, not life. Citing *Cortes-Claudio*, the Court stated its initial impression was that within the First Circuit, the supervisory release language of § 841(b)(1)(B) had been interpreted as setting a floor and not a maximum. Despite *Cortes-Claudio,* the Defendant maintained his position and the Court, therefore, continued the Rule 11 hearing and ordered counsel to file memoranda.

## II. DISCUSSION

On further review of *Cortes-Claudio,* the Defendant now concedes it is "controlling precedent in this Circuit on the question presented." *Mem. Regarding Def.'s Statutory Sentencing Exposure for Supervised Release* at 2. However, he contends that precedent from the Fourth and Fifth Circuits is "more persuasive" and urges this Court to adopt their rulings. *See United States v. Pratt,* 239 F.3d 640, 647 n.4 (4th Cir. 2001); *United States v. Good,* 25 F.3d 218, 221 (4th Cir. 1994); *United States v. Kelly,* 974 F.2d 22, 25 (5th Cir. 1992).[1]

This Court declines the Defendant's invitation. *Cortes-Claudio* remains the "law of the circuit" and, this Court, as a lower court, is required to apply it. *See United States v. Chhien,* 266 F.3d 1, 11 (1st Cir. 2001), *cert. denied,* 534 U.S. 1150 (2002). There is no indication the First

---

[1] In *Pratt,* the Fourth Circuit admitted its ruling was a "somewhat anomalous" and "counterintuitive result" and wondered "if the rule announced in *Good* should be limited to the facts of that case, or perhaps even partially overruled." *Pratt,* 239 F.3d at 647 n.4. Moreover, in *Cortes-Claudio,* the First Circuit was aware of the Fourth and Fifth Circuit cases cited by Defendant and chose not to follow their lead. *Cortes-Claudio,* 312 F.3d at 21 n.3.

Circuit is going to revise its holding in *Cortes-Claudio*, which it issued less than three years ago. To the contrary, since *Cortes-Claudio,* the First Circuit has reiterated its holding. *See United States v. Matos,* 328 F.3d 34, 44 (1st Cir. 2003); *United States v. Nieves,* 322 F.3d 51, 56 (1st Cir. 2003); *see also United States v. Mora,* 22 F.3d 409, 412 (2d Cir. 1994).

Furthermore, after the conflict among the circuits arose, Congress amended section 841 to include "Notwithstanding section 3583 of title 18" in subsections (b)(1)(A), (B), (C), and (D). Pub. L. No. 107-273, § 3005(a), 116 Stat. 1758, 1805 (Nov. 2, 2002); H.R. Conf. Rep. No. 107-685, at 188-89 (2002).[2] Addressing the impact of this statutory amendment on (b)(1)(C), the Court of Appeals for the District of Columbia Circuit concluded the amendment "resolved the circuit conflict by adding the words "Notwithstanding section 3583 of title 18" to the supervisory release provision of § 841(b)(1)(C)… thus making it clear that the term of supervised release for a conviction under that section can exceed 3 years…." *United States v. Johnson,* 331 F.3d 962, 967 n.4 (D.C. Cir. 2003).

If anything, in light of subsequent case law and statutory law, the First Circuit's holding in *Cortes-Claudio* now seems more secure. But, if *Cortes-Claudio* is to be changed, it is for the First Circuit, not this Court, to change it. Under *Cortes-Claudio,* the potential length of supervised release for the Defendant's violation of 21 U.S.C. § 841(b)(1)(B) is a minimum of 4 years up to life.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2005

---

[2] The title of the amendment was "Clarification of Length of Supervised Release Terms in Controlled Substance Cases." 107 Pub. L. No. 107-273, § 3005.